UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRUCE RAFFORD,<br><br>       Plaintiff,<br><br>       v.<br><br>MARK SELING AND DANIEL YANISCH,<br><br>       Defendants, | Case No.  C04-5502DB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>**APRIL 22nd 2005** |

   This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss.  (Dkt. # 16).  Plaintiff has not responded.

## FACTS

   As plaintiff has not responded to the pending motion the court adopts defendants statement of facts. Plaintiff has filed this action seeking damages for being held longer than 45 days without an evaluation taking place.  Defendants argue plaintiff received his evaluation prior to being committed to SCC, his claim is precluded by the doctrine of res judicata, and this action is precluded by application of the doctrine established in Heck v. Humphrey.  Heck v. Humphrey, 512 U.S. 477 (1994).

   Plaintiff was given an evaluation by Dr. Judd on July 5th, 2003.  Dr. Judd signed an evaluation report finding plaintiff met the criteria for civil commitment as a sexually violent predator.  Plaintiff declined to participate in that review.  (Dkt. # 16, exhibit 2).  Defendants also argue this issue has previously been litigated

REPORT AND RECOMMENDATION
Page - 1

and dismissed and the issue is therefore the subject of *res judicata*. (Dkt. # 16, page 1); that the action is precluded by the holding of Heck v. Humphrey, 512 U.S. 477 (1994); and, that the defendants are entitled to qualified immunity. (Dkt. # 16).

In Savala v Yanisch, C04-5412FDB, this court determined that the defendants had prevailed on the issue of 45 day evaluations in Ross v. Seling, C99-5238RJB (Ross Dkt. # 202 and 238). Mr. Savala placed before the court the oral ruling of Judge Bryan. (Savala v Yanisch, C04-5412FDB, Dkt. # 13). The claim in Savala was dismissed as litigation of the issue implicated the propriety or legality of current commitment and on principles of *res judicata*. Mr. Savala was a party to the Ross litigation. There is nothing to indicate Mr. Rafford was a party to that litigation.

Here, the defendant has alleged that plaintiff had a probable cause hearing in August of 2003 and the superior court has ordered continued confinement. (Dkt. # 16, exhibit 1). Further, a commitment trial was held and plaintiff is now committed for treatment at the SCC. (Dkt. # 16, exhibit 4).

This action involves the timing of an evaluation that occurred in plaintiff's state civil commitment proceedings. Plaintiff argues he had a substantive due process right to an evaluation within a 45 day time frame. (Dkt. # 6). Plaintiff indicates he does not seek relief from confinement but rather he seeks damages. (Dkt. # 6).

## DISCUSSION

The defendants prevailed in Judge Bryan's oral decision in Ross on the same issue the plaintiff attempts to litigate today. (Savala v. Yanisch, C04-5412FDB, Dkt. # 13). Further, review of the argument made for Mr. Savala in Ross shows it to be the same claim. (Ross v. Seling, C99-5238RJB, Dkt. # 202). The issue was dismissed and summary judgment granted to defendants because the issue is barred by the doctrine set forth in Heck v Humphrey, 512 U.S. 477 (1994) and the Rooker-Feldman[1] doctrine. Judge Bryan's ruling means this cause of action has not yet accrued and will not accrue until plaintiff receives relief through a habeas action.

Like plaintiff today, the plaintiffs in Ross argued they were entitled to an evaluation within forty five days of the probable cause hearing. They then reasoned that they were being held without legal authority and

---

[1] The Rooker-Feldman doctrine was named after two Supreme Court cases decided 60 years apart. The doctrine precludes a federal court from entertaining and reviewing claims adjudicated in state courts and also precludes constitutional claims inexorably intertwined with state court decisions. See, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

they sought damages for the time they had been held without an evaluation taking place. That is the claim presented by plaintiff today.

A.  *Res judicata*.

This action is barred as the issue was litigated and lost in Ross *et al* v. Seling *et al*, C99-5238RJB. The doctrine of *res judicata* includes two types of preclusion, claim preclusion and issue preclusion. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1988). Issue preclusion is "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." Arizona v. California, 530 U.S. 392 (2000). Issue preclusion is intended to limit the number of times a defendant may be forced to litigate the same claim or issue, and to promote efficiency in the judicial system by putting an end to litigation. Peck v. Commissioner of Internal Revenue, 904 F.2d 525 (9th Cir. 1990).

Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" Robi, 838 F.2d *at 321; see also* In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997). As there is nothing before the court to indicate plaintiff was a party to the Ross or Savala case. Claim preclusion is inappropriate to this proceeding.

Applying issue preclusion in this case means the plaintiff will have to pursue this claim in state court, and receive relief in that forum or through habeas corpus before bringing a civil rights action for damages.

This conclusion follows the precedent set forth in Heck and recognizes the effect of Judge Bryan's ruling in Ross. In addition, it returns an issue of state law, ie. when must an SVP evaluation take place, to the state courts. This allows state courts to define the parameters of state law and address constitutional issues as contemplated by the exhaustion requirement which is embodied in the rules relating to habeas corpus.

## CONCLUSION

The Western District has previously ruled the issue in this action relates to the propriety of current confinement. For the reasons stated above the action should be **DISMISSED WITHOUT PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.

Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 22nd, 2005**, as noted in the caption.

DATED this 24th day of March, 2005.

_s/ Karen L. Strombom_____
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4